**Juan Abel GONZALEZ,
Petitioner–Appellant,**

v.

**W.A. PERRILL, Warden,
Respondent–Appellee.**

**No. 353, Docket 90–2218.**

United States Court of Appeals,
Second Circuit.

Submitted Oct. 17, 1990.

Decided Nov. 8, 1990.

Juan Abel Gonzalez, pro se.

Frederick J. Scullin, U.S. Atty. for N.D. N.Y., William C. Pericak, David R. Homer, Asst. U.S. Attys., Patricia H. Jordan, Paralegal Specialist, Albany, N.Y., for Appellee.

Before OAKES, Chief Judge,
LUMBARD and WINTER, Circuit Judges.

PER CURIAM:

Juan Abel Gonzalez, *pro se*, appeals from a judgment of the United States District Court for the Northern District of New York, Neal P. McCurn, *Chief Judge*, dismissing Gonzalez's petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, we affirm.

After his arrest in New York on federal narcotics charges, Gonzalez was released on bail on December 14, 1984. While on bail, he was arrested in Florida on an unrelated state narcotics charge on July 14, 1985. Thereafter, pursuant to a writ of habeas corpus ad prosequendum, he was transferred to New York, where he was tried, convicted and sentenced on the federal charges to four years' imprisonment. However, before the commencement of that sentence, Gonzalez was transferred back to Florida to stand trial on the pending state charge. In Florida, appellant was convicted and sentenced to a five-year prison term, to be served concurrently with the federal sentence. After serving his Florida sentence, he was released on February 1, 1988. Thereafter, he was re-arrested by federal authorities on March 9, 1989, on the ground that he was a fugitive from his four-year federal sentence. Gonzalez is currently serving that sentence in the Federal Correctional Institution in Ray Brook, New York.

Instead of seeking administrative review of his incarceration, Gonzalez commenced the present habeas corpus action in the Northern District of New York. The substance of his complaint is that he was improperly denied credit towards his federal sentence for the time served in Florida and for the time between his release in Florida and his federal arrest on March 9, 1989. Because we find that appellant has failed to exhaust his administrative remedies, we do not reach the merits of this claim.

It is well-settled that an appellant must exhaust his administrative remedies before seeking habeas corpus relief in the federal courts. *See United States v. Lara*, 905 F.2d 599, 605 (2d Cir.1990); *Guida v. Nelson*, 603 F.2d 261, 262 (2d Cir.1979) (per curiam). Gonzalez, however, claims that the exhaustion requirement is excused when a petitioner is entitled to immediate release from confinement. *See Roche v. Sizer*, 516 F.Supp. 961, 963 (D.Conn.1981),

**2**

*rev'd on other grounds,* 675 F.2d 507 (2d Cir.1982); *Downes v. Norton,* 360 F.Supp. 1151, 1152 n. 1 (D.Conn.1973). This issue has yet to be resolved by this court. *See Timpani v. Sizer,* 732 F.2d 1043, 1047 n. 7 (2d Cir.1984).

The controlling standard is unambiguous: an appellant must exhaust his administrative remedies before seeking federal review of his conviction unless administrative procedures are unavailable or are incompetent to provide adequate redress. *See Johnpoll v. Thornburgh,* 898 F.2d 849, 851 (2d Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 63, 112 L.Ed.2d 38 (1990); *J.G. v. Board of Educ.,* 830 F.2d 444, 447 (2d Cir.1987). Neither basis has been demonstrated in the present case. Initially, we note that an elaborate administrative procedure exists that provides Gonzalez with ample opportunity to challenge his imprisonment. By statute, an incarcerated person has a right to seek review of his sentence by the Attorney General, "who shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence is imposed." 18 U.S.C. § 3568 (1982).[1] In addition, appellant may seek review of any aspect of his imprisonment by the Bureau of Prisons. *See* 28 C.F.R. § 542.10 (1989). Under this procedure, appellant may seek formal review of his complaint by the warden of his incarcerating institution, and, if dissatisfied with the result, may appeal that decision to the Regional Director of the Bureau of Prisons, and ultimately to the Office of General Counsel. *See* 28 C.F.R. §§ 542.13(b), 542.-15 (1989).

There is no reason to believe that these administrative remedies are inadequate to provide the redress that appellant seeks. To support his petition for a writ of habeas corpus, Gonzalez stresses that he is entitled to be immediately released from prison. This urgency, however, does not vitiate the requirement that he exhaust his administrative remedies. He provides no reason, nor can we discern any, to believe

that the administrative procedures in place cannot expediently resolve a claim for credit for time served. *See Willis v. Ciccone,* 506 F.2d 1011, 1015 (8th Cir.1974) ("Administrative procedures can, when available, provide an adequate and often the most *expeditious* review of prisoner grievances.") (emphasis in original). As a result, we decline to depart from the traditional rule that "the granting of credit for time served is in the first instance an administrative, not a judicial, function." *United States v. Flanagan,* 868 F.2d 1544, 1546 (11th Cir.1989); *see also United States ex rel. Sanders v. Arnold,* 535 F.2d 848, 851 (3d Cir.1976); *United States v. Morgan,* 425 F.2d 1388, 1389–90 (5th Cir. 1970).

In so holding, we disagree with the conclusion in *Roche* that "[b]ecause petitioner would be 'out now' if he prevails on the merits of his claim, available administrative remedies are inadequate." 516 F.Supp. at 963 (quoting *Downes,* 360 F.Supp. at 1152 n. 1). *Roche* misstates the proper inquiry. In determining whether exhaustion is necessary, we cannot *assume* that appellant's claim is meritorious. Rather, the critical inquiry is whether the validity of the claim should initially be resolved by an administrative or judicial body. It may well be that petitioner deserves immediate release from incarceration. That determination, however, must first be made at the administrative level.

Accordingly, the judgment of the district court is affirmed.

---

1. 18 U.S.C. § 3568 was repealed by the Sentencing Reform Act, Pub.L. 98–473, Title II § 212(a)(2), 98 Stat.1987 (1984). However, because the repeal applies only to offenses committed after November 1, 1987, appellant's rights are unaffected.