**Ramon Gonzalo LLEO–FERNANDEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 97 CIV. 7812(JSM).**

United States District Court, S.D. New York.

Jan. 9, 1998.

Ramon Gonzalo Lleo–Fernandez, Hawley, PA, pro se.

F. James Loprest, Jr., Special Asst. U.S. Atty., New York, NY, for respondent.

## OPINION AND ORDER

MARTIN, District Judge.

Pro se petitioner, Ramon Gonzalo Lleo–Fernandez, an alien currently held in custody pending deportation, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that he is allegedly being detained in violation of 8 U.S.C. § 1252(c) (1994). He claims that he must be released under parole supervision pending deportation because he has not been deported within six months of a final order of deportation. For the following reasons, his petition is denied.

### Background

Petitioner arrived in the United States on June 4, 1980 and became a lawful permanent United States resident on July 31, 1987.

Since 1991, petitioner has compiled a criminal record in the United States. In May 1991, petitioner was convicted of larceny in the Fort Lee Municipal Court in New Jersey and was sentenced to time served—twelve days in the city jail. In November 1992, he plead guilty to attempted third-degree criminal sale of a controlled substance in violation of N.Y. Penal Law §§ 110 & 220.39, for which he was sentenced to five years' proba-tion. In February 1996, he plead guilty to criminal facilitation in violation of N.Y. Penal Law § 115 and was sentenced to one year's imprisonment in satisfaction of charges that included, *inter alia*, criminal sale of controlled substance on or near school grounds.

In April 1996, the Immigration and Naturalization Service ("INS") served petitioner an Order to Show Cause and Notice of Hearing, which charged that petitioner was subject to deportation as an alien convicted of an aggravated felony pursuant to section 241(a)(2)(A)(iii) of the Immigration and Nationality Act of 1952 as amended ("the Act") and as an alien convicted of a controlled substance violation pursuant to section 241(a)(2)(B)(i) of the Act. On July 10, 1996, INS took petitioner into custody. On October 22, 1996, the Immigration Judge ("IJ") ordered petitioner be deported to Cuba. The IJ's decision was affirmed by the Board of Immigration Appeals on July 3, 1997. On October 22, 1997, the petitioner filed the instant petition for writ of habeas corpus.

### Discussion

#### 1. Subject Matter Jurisdiction

To the extent petitioner challenges the INS's discretionary judgement to detain him, the Court lacks subject matter jurisdiction over the case. This Court has held that aliens challenging detention by INS must first exhaust administrative remedies before obtaining habeas review. *See, e.g., Ahmed v. McElroy,* 1997 WL 414119 (S.D.N.Y.1997) (holding that a petitioner must file an application for release to the INS District Director prior to filing a habeas petition challenging detention); *Salazar v. Reich,* 940 F.Supp. 96, 98 (S.D.N.Y.1996) (although habeas statute does not specifically require exhaustion, "it long has been established that an applicant for the writ first must exhaust his administrative remedies") (citing *Gonzalez v. Perrill,* 919 F.2d 1, 1–2 (2d Cir.1990)). Because petitioner has not yet obtained a decision on his application to the District Director for release, his petition before this Court is premature.

**520**

### 2. Merits of the Instant Petition

Even if this Court had jurisdiction to consider the merits of the instant petition, a dismissal of the petition would be warranted for reasons stated below.

In 1996, prior to filing of this petition, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009, which made substantial changes to Title 8 of the United States Code. These laws replaced those provisions of 8 U.S.C. § 1252 (1994), which had dealt with the detention of aliens with new provisions codified at 8 U.S.C. § 1226 (1996). *See* 8 U.S.C. § 1226 (1996) (Historical and Statutory Notes, 1996 Amendments).

It is well settled that the IIRIRA's transitional custody provisions are applicable to this case.[1] *See* IIRIRA § 303(b)(2); *In re Garvin–Noble,* 1997 WL 61453 (B.I.A.1997); *Ahmed,* 1997 WL 414119 at *2; *Oliva v. INS,* 97 Civ. 1480(JGK) (S.D.N.Y. Dec. 23, 1997). The transition provisions provide that the Attorney General shall assume custody of any lawfully admitted alien who has been convicted of an aggravated felony and may release him only if he can demonstrate to the Attorney General's satisfaction that he is not a danger to the community or a flight risk. *See* IIRIRA § 303(b)(3)(B)(i); 8 U.S.C. § 1252(a)(2)(B) (1994).

■ Petitioner's New York State convictions make him an aggravated felon under 8 U.S.C. § 1101(a)(43). Thus, petitioner must satisfy the Attorney General that he "will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding" in order to be released. IIRIRA § 303(b)(3)(B)(i).

Petitioner has provided little evidence in support for his release. He asks this Court to consider his intention to reform his life and his family ties in the United States. However, it is highly unlikely that these factors alone would satisfy the Attorney General. In particular, family ties in the context of deportation hearing, work against petitioner for they give petitioner an incentive to flee to avoid deportation. *See, e.g., Bertrand v. Sava,* 684 F.2d 204, 217 n. 16 (2d Cir.1982).

Even under the prior statutory frame work, upon which petitioner relies, the petition is without merit. Under 8 U.S.C. 1252(a)(2)(B) (1994), the six-month limitation is not applicable to aggravated felons like petitioner.[2] Instead, they were required by statute similar to the transition provisions to show that they were neither a danger to the community nor a flight risk in order to be released. *See* 8 U.S.C. 1252(a)(2)(B) (1994); *Ahmed,* 1997 WL 414119, at *2. As discussed in the previous paragraph, petitioner has not met this burden.

### *Conclusion*

For the foregoing reasons, the petition for a writ of habeas corpus is denied without prejudice to refiling upon exhaustion of his administrative remedies.

**SO ORDERED.**

---

1. The IIRIRA's transitional detention provisions, now in effect, were triggered by the Attorney General in her notification to Congress, pursuant to IIRIRA § 303(b)(2), that the INS lacked sufficient detention space and personnel to carry out the provisions under the IIRIRA's permanent provisions. *See* IIRIRA § 303(b)(2). The transitional rules were made effective by their terms until October 9, 1997, with the possibility of one year's extension. *Id.* The rules' effective period was extended for another year, until October 9, 1998, at which point new permanent detention rules go into effect. *See* 74 *Interpreter Releases* 1532 (Oct. 10, 1997).

2. The petitioner's deportation order became final on July 3, 1997 when the BIA dismissed his appeal of the IJ's decision. *See* 8 U.S.C. § 1252(c) (1994). The petition was filed on October 22, 1997, less that four months after the BIA's decision. As such, there would be no violation of the six-month provision even if it were applicable.