Gary George STINCHFIELD,
Petitioner,

v.

Frederick MENIFEE, Warden of the Federal Correctional Institution in Otisville, New York, and Michael Gaines, Chairman of the United States Parole Commission, Respondents.

No. 99 Civ. 5719(BDP).

United States District Court,
S.D. New York.

Oct. 4, 2000.

Loren I. Glassman, White Plains, NY, for Petitioner.

Meredith E. Kotler, United States Attorney's Office, New York City, for Respondents.

## MEMORANDUM DECISION AND ORDER

BARRINGTON D. PARKER, Jr., District Judge.

By Petition filed July 19, 1999, Gary Stinchfield applied pursuant to 28 U.S.C. § 2241(c) for a writ of habeas corpus challenging his confinement at the Federal Correctional Institution at Otisville, New York, following the revocation of his parole in June 1999 by the United States Parole Commission (the "Commission").

Stinchfield, following a significant history of violent criminal activity, was convicted in 1988 in the United States District Court for the District of Oregon as an armed-career criminal. *See* 18 U.S.C. § 922(g)(1). In this Petition he challenges the revocation of his mandatory release and forfeiture of his time spent on release (street time) on essentially three grounds.

First, he contends that the Commission's findings concerning his constructive possession of a weapon violated due process since they were so contrary to the weight of the evidence as to amount to an arbitrary and capricious determination. Secondly, he contends that the Commission's revocation of his mandatory release was improperly based on prior drug and alcohol related behavior for which he had been previously sanctioned by his parole officer—who required him to enroll in a drug rehabilitation program. Finally, he contends that the Commission incorrectly

refused to apply Ninth Circuit law on the issue of forfeiture of street time.

On April 18, 1988, Stinchfield was sentenced by the District Court to a 15–year term of imprisonment without eligibility for parole as an armed career criminal. *See* 18 U.S.C. § 922(g)(1). This conviction stemmed from a June 19, 1987 car jacking with a loaded firearm, for which Stinchfield was convicted in state court in Oregon in November 1987 of Robbery in the First Degree.

Aside from this conviction, Stinchfield had numerous other convictions for violent felonies. On December 30, 1996, Stinchfield was released on parole, subject to supervision until October 2002. The conditions of Stinchfield's release prohibited him from, *inter alia,* violating any laws, drinking alcoholic beverages to excess, possessing or using drugs, or possessing a firearm.

In July 1997 Stinchfield tested positive for morphine and was subsequently enrolled in and completed a three month drug rehabilitation program. In July 1997, he was also arrested for driving under the influence of alcohol. In November 1997, he was convicted in state court in Idaho of that offense and sentenced to 30 days imprisonment (with a 28 day suspension) and his driving privileges were suspended for 180 days.

A year later on July 19, 1998 Stinchfield was arrested for menacing and possession of a firearm. These charges stemmed from an altercation between Stinchfield and his wife, Pamela Martini.

As a consequence of this arrest, Stinchfield's probation officer requested that parole violation charges be commenced against him. Accordingly, he was arrested by parole authorities and subsequently charged with (1) the use of dangerous and habit forming drugs, (2)(a) menacing; felon in possession of a firearm, (2)(b) unauthorized possession of a firearm, and (3) driving under the influence of alcohol.

Following his arrest, the Probation Department conducted a preliminary interview during which Stinchfield was represented by counsel. In his interview, Stinchfield conceded that he had been previously sanctioned by his parole officer for morphine use in 1997 and had been required to participate in a drug rehabilitation program. Stinchfield denied the other charges but, on the basis of, *inter alia,* the warrant application and on a police report concerning the dispute between Stinchfield and Martini, the police concluded that there was probable cause to believe that Stinchfield had violated the conditions of his release through the use of dangerous and habit forming drugs, possession of a firearm and driving under the influence of alcohol.

In October 1998 a revocation hearing was conducted. At the hearing Stinchfield admitted the drug and alcohol charges but denied the firearms related charges stemming from the altercation with his wife in July 1998. The two police officers who responded to the domestic dispute testified at the hearing that Martini told them on July 19, 1998 that she and Stinchfield had fought and that Stinchfield threatened her and reached for the drawer of a night stand next to their bed where she had found a gun earlier that day. They testified she had told them that the gun was no longer in the night stand because she had hid it elsewhere and that Stinchfield chased her out of the house and then left. The officers also testified that a neighbor, Robert Callison, had told them that Martini had found the gun that belonged to Stinchfield and that she took the gun from Stinchfield's bedroom to prevent his using it. The officers further testified that on July 20, 1998, Martini had reported to them that Stinchfield had returned to their home and that they then arrested him. The testimony at the hearing also established that later the same day, Martini recanted her statements from the day before, and contrary to her prior statements to the arresting officers, claimed that Stinchfield did not know about the gun and

that she had purchased it a short while before and that this fact was unknown to Stinchfield. Martini testified at the revocation hearing that Stinchfield did not know that she had purchased the gun, or where the gun was located in the house, and that she had given false information to the arresting officers.

Following the presentation of the evidence, the Probation Department Examiner (the "Examiner") found that Stinchfield had violated the conditions of his release by using controlled substances and driving under the influence of alcohol. The Examiner, however, made no finding concerning the charge of menacing and possessing firearms, determining that "this is an extremely close call, but the primary reason for making the finding was [Martini's] recanting her charges . . ." He did leave for the Commission's review the propriety of reinstating the firearms charge if laboratory reports later revealed Stinchfield's fingerprints on the gun.

Following the hearing, based on the admitted charges and Stinchfield's serious prior criminal record, the examiner recommended that Stinchfield's parole be revoked. Noting that the law of the Ninth Circuit requires the Commissioner to exercise discretion in determining whether or not to forfeit street time, the Examiner recommended forfeiture because of Stinchfield's "very long prior history."

In November 1998, an Executive Hearing Examiner (the "Executive Examiner") reviewed these preliminary recommendations and following his review, recommended that Stinchfield's release be revoked, not only on the drug and alcohol charges, but also on the charges of constructive possession of a firearm. In contrast to the initial determination, he credited the police officers' testimony concerning the events that occurred on July 19, 1998, and discredited Martini's subsequent recantation, observing that her recantation was "no doubt made out of fear of Stinchfield. It is not unusual for a spouse who

has been threatened to change their version of the facts out of fear of retaliation."

A second Executive Hearing Examiner who reviewed the case joined the recommendation. Under then existing law, this concurrence by two Executive Hearing Examiners was sufficient to constitute a panel recommendation to the Regional Parole Commissioner.

On November 17, 1998, the Regional Commissioner approved the initial examiner's recommendations. Specifically, the Regional Commissioner revoked Stinchfield's mandatory release, forfeited his street time, and established a presumptive parole date of July 23, 2001. With respect to the findings of fact, however, the Regional Commissioner's decision stated only that Stinchfield violated his conditions of release by using drugs and driving under the influence of alcohol. No finding was made concerning the charges of menacing or possession of a firearm.

Stinchfield appealed the Regional Commissioner's decision to the National Appeals Board (the "Board"). By decision dated April 28, 1999, the Board remanded the matter to the Regional Commissioner, stating that the Commission's November 17, 1998 Notice of Action "does not accurately reflect" the Commission's decision. The Board noted that the Commission set a presumptive parole date of July 23, 2001, but inconsistently made "no finding" on the firearm possession charge. Accordingly, the Board required that the matter be further evaluated by the Regional Commissioner in light of this apparent inconsistency.

On June 12, 1999, the Regional Commissioner again revoked Stinchfield's mandatory release, forfeited his street time, and set a presumptive parole date of July 23, 2001. The Commission found that Stinchfield violated the conditions of his release as a consequence of his unauthorized constructive possession of a firearm, in light of the police report and testimony from law enforcement officers at Stinchfield's revocation hearing. The Commission also

advised Stinchfield that its decision was appealable to the Board.

### Discussion

■ In the initial reply to this Petition, respondents contended that the Petition must be dismissed because Stinchfield failed to exhaust his administrative remedies. It is well established in this Circuit that a petitioner must exhaust his administrative remedies before seeking habeas relief in federal court. *See Gonzalez v. Perrill*, 919 F.2d 1 (2d Cir.1990); *U.S. v. Lara*, 905 F.2d 599, 605 (2d Cir.1990); *Guida v. Nelson*, 603 F.2d 261, 262–63 (2d Cir.1979).

Subsequent to the filing of this Petition and the response of the government, the Board issued an affirmation of the Commission's decision of June 12, 1999. On November 9, 1999, the Board rejected Stinchfield's and Martini's subsequent explanation of the firearm possession and affirmed the Regional Commissioner's decision. The action of the National Appeals Board was final and thus exhausted Stinchfield's available remedies.

As a second basis for habeas relief, Stinchfield contends, in essence, that the Commission improperly failed to credit Martini's recantation and failed to give appropriate deference to the initial Hearing Examiner's conclusions, which included credibility assessments, that no finding would be made with respect to the firearm charges.

■ It is well settled that a federal court's review of the Commission's decision to revoke a petitioner's release is extremely limited in light of the Commission's broad discretion in this area. *See Bialkin v. Baer*, 719 F.2d 590, 593 (2d Cir.1983); *Billiteri v. United States Board of Parole*, 541 F.2d 938, 944 (2d Cir.1976). In accordance with these principles, the decision of the Commission is reviewed by the Court only to determine whether there is a "rational basis" to support the decision. *Iuteri v. Nardoza*, 732 F.2d 32, 37 (2d Cir.1984); *see also Hackett v. United States Parole Comm'n*, 851 F.2d 127, 130 (6th Cir.1987). The "rational basis" test not only bars this Court from substituting its own judgement for that of the Commission, but authorizes this Court to determine not whether the Board's decision is supported by "substantial evidence" but whether, as a matter of law, the revocation on its face appears to be without support. *United States ex rel. Defillo v. Fitzpatrick*, 378 F.2d 85, 87 (2d Cir.1967).

■ Applying these rigorous standards, this Court concludes that Stinchfield has not established the absence of any rational basis for the Commission's conclusions. The Executive Hearing Examiner and the Hearing Examiner rationally could have concluded that Martini spoke truthfully to the police on July 19, 1998, and only later recanted her statements out of fear of retaliation by Stinchfield. Martini gave detailed and plausible statements to the police officers on the morning of July 19, 1998. The version, if believed, established the firearm violation that led to Stinchfield's parole revocation. The recantation occurred after contact between Stinchfield and Martini and occurred under circumstances in which the Executive Hearing Officer could rationally conclude that the recantation was not plausible, but that the initial statements to the arresting officers were. *See Moore v. Dubois*, 848 F.2d 1115 (10th Cir.1988). The Commission could, consistent with due process, reject a hearing examiner's findings without personally observing key witnesses. While a dispute existed over which of Martini's versions to credit, the record simply does not establish that the version that the Commission chose to credit was devoid of the required rational basis.

■ Next, Stinchfield argues that the Commission improperly revoked his release based on his July 19, 1997 drug use and driving under the influence because that behavior had been the subject of a previous sanction by the parole authorities that led to his participation in a drug rehabilitation program. This contention

has no merit. It is well established that, to further the goal of rehabilitation, parole officers are permitted to excuse initial violations in the hope that similar ones do not recur. But it "does not violate due process when the earlier violations are charged along with more recent ones because collectively they show that the further attempt at rehabilitation had not succeeded." *United States v. Shampang,* 987 F.2d 1439, 1443 (9th Cir.1993) (internal quotations omitted); *see also, Morgan v. Zilli,* 966 F.2d 1453 (6th Cir.1992). Accordingly, the Commission properly revoked Stinchfield's release based on his 1997 drug use and driving under the influence conviction as well as on the weapon possession charge.

Finally, as previously noted, the Commission applied Ninth Circuit law in recommending that Stinchfield's street time be forfeited. The Commission exercised its discretion in light of his "very long prior criminal history." *See Rizzo v. Armstrong,* 921 F.2d 855 (9th Cir.1990).

### Conclusion

The Petition is dismissed. The Clerk of the Court is directed to issue a final judgment in favor of Respondents.

SO ORDERED: