Carlos Pelaez–Edison CARMONA,
Petitioner–Appellant,

v.

UNITED STATES BUREAU OF
PRISONS, Respondent–
Appellee.

Docket No. 00–2316.

United States Court of Appeals,
Second Circuit.

Submitted Oct. 25, 2000.
Decided March 20, 2001.

Carlos Pelaez–Edison Carmona, Brooklyn, NY, submitted as Pro Se Petitioner–Appellant.

Vincent Lipari, U.S. Attorney's Office, Eastern District of New York, Brooklyn, NY, for Respondent–Appellee.

Before CARDAMONE, POOLER, and KATZMANN, Circuit Judges.

CARDAMONE, Circuit Judge:

Carlos Pelaez–Edison Carmona (petitioner or appellant), a federal inmate appearing *pro se* and *in forma pauperis,* moves for appointment of counsel to assist him in his appeal from a May 2, 2000 judgment of the United States District Court for the Eastern District of New York (Amon, J.), dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2241. Relief was denied because of petitioner's failure to exhaust available administrative remedies. After determining that the existing administrative scheme no longer provided Carmona an opportunity to exhaust his claims, the district court dismissed his petition as procedurally barred. A motion to reconsider was denied.

■ Appellant's motion for appointment of counsel on appeal of that dismissal compels us to consider the requirement of exhaustion of administrative remedies in the context of § 2241. In the context of other habeas statutes, it is well-settled that a petitioner who has procedurally defaulted after failing to exhaust his available remedies may not seek habeas review in federal court without first making an initial showing of cause and prejudice. This general requirement is grounded on four principles, one of which is the notion of comity between federal and state courts. One might argue that because that rationale is missing when a federal prisoner challenges the execution of his sentence under § 2241, the general requirement, like a four-legged stool with one leg removed, topples.

Such argument would be in vain. No exception from the required showing of cause and prejudice for § 2241 review is warranted. Three rationales besides comity—finality, accuracy, and trial integrity—undergird that requirement and apply equally to the case of a federal prisoner who seeks habeas review without first exhausting his administrative remedies. A state prisoner must adhere to the procedural rules of the jurisdiction where he is confined, and if he fails to do so, habeas review in federal court is generally denied under notions of comity. By a parity of reasoning, a federal prisoner who defaults in pursuit of his administrative remedies will also be denied habeas review absent a showing of cause and prejudice.

## BACKGROUND

In March 1998 Carmona petitioned the Northern District of New York for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to expunge from his record certain sanctions imposed upon him following a November 6, 1996 Bureau of Prisons

(Bureau) disciplinary hearing. On June 10, 1998 the case was transferred to the Eastern District of New York since the substance of the complaint involved acts that allegedly occurred at the Metropolitan Detention Center in Brooklyn, New York (Detention Center).

The underlying disciplinary hearing was prompted when an officer in the Detention Center found Carmona in possession of two bags of marijuana after he had exited a visiting area restroom. Video evidence at the hearing had recorded Carmona, who was then working as an orderly, searching the restroom, while another inmate shielded the outside door with a trash bag, before eventually locating the narcotics in a toilet paper dispenser. The disciplinary hearing officer found Carmona guilty of marijuana possession and imposed a sanction of 30 days loss of good time credits, 30 days of disciplinary segregation, and one year loss of visiting and commissary privileges.

On November 27, 1996 Carmona filed an administrative appeal to the Regional Director of the Bureau, in which he disputed the merits of the hearing officer's findings. He contended principally that he was not the intended recipient of the narcotics because he was not originally scheduled to work on the day of the incident, and thus ordinarily would not have been in the visiting room. On December 18, 1996 the Regional Director denied the appeal finding sufficient evidence in the record to support the charges and advising Carmona that he could appeal to the General Counsel of the Bureau within 30 days.

By letter of January 8, 1997 Carmona attempted to appeal the administrative sanctions, again contending that he was not the intended recipient of the contraband. His appeal was rejected by the General Counsel because it did not comply with the formalities mandated by the Bureau's regulations, *see* 28 C.F.R. § 542.15(b)(3) (2000), and Carmona was granted an extension of time to resubmit his appeal. Petitioner appealed three weeks later, but this appeal suffered from formal defects as well, having been erroneously sent to the Board's regional office rather than the General Counsel. Carmona received notice on March 5, 1997 that his appeal was noncompliant, and that he had ten days to resubmit the appeal to the General Counsel.

On May 29, 1997, 75 days after the prescribed deadline, appellant requested additional time, while admitting his timely receipt of the earlier rejection notice and knowledge of his limited time to appeal. He attributed his dereliction to intervening court appearances and prison transfers, as well as unelaborated "personal difficulties." The General Counsel refused to grant an extension and dismissed the appeal.

Nearly a year later, petitioner applied to the federal district court under 28 U.S.C. § 2241 for a writ of habeas corpus. In that forum he alleged for the first time that the disciplinary hearing failed to accord with the requirements of due process because he was purportedly denied the opportunity to call certain witnesses, could not present specified documentary evidence, and was not afforded a Spanish-speaking staff counselor.

On May 2, 2000 the district court dismissed the petition, holding that Carmona had failed not only to properly appeal his dispute to the General Counsel, but also to raise his due process claims during any of his administrative appeals. Since the administrative remedies were unexhausted, and appeal to the General Counsel was no longer available, the district court deemed the claims exhausted for purposes of habeas review, but held that Carmona had procedurally defaulted on them. Finally, the court held that assuming the "cause and prejudice" justification for procedural defaults applied, Carmona did not proffer an adequate explanation for his failure to fully pursue his administrative remedies. Following the subsequent denial by the district court of a motion for reconsideration,

Carmona timely filed a notice of appeal to this Court and moved for an assignment of counsel to assist him. Our discussion focuses on the motion before us.

## DISCUSSION

### A.

■ When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1), we look first to the "likelihood of merit" of the underlying dispute. *Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir.1997); *see also Cooper v. A. Sargenti Co.,* 877 F.2d 170, 174 (2d Cir.1989) *(per curiam).* Thus, even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor. *See Cooper,* 877 F.2d at 172. Only after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute. *Hodge v. Police Officers,* 802 F.2d 58, 61–62 (2d Cir.1986).

■ Carmona challenges the prison disciplinary sanctions imposed on him through a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. The ordinary vehicle for a federal prisoner to seek habeas relief is 28 U.S.C. § 2255, under which such a prisoner may have his sentence vacated or set aside. A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction. *Chambers v. United States,* 106 F.3d 472, 474–75 (2d Cir.1997); *Kings-*

*ley v. Bureau of Prisons,* 937 F.2d 26, 30 n. 5 (2d Cir.1991).

■ Consequently, appellant's petition to expunge the Bureau's disciplinary sanctions from his record, including the loss of good time credits, as a challenge to the execution of his sentence rather than the underlying conviction, is properly brought via an application for a writ under § 2241. *See McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir.1997) (federal inmate's challenge to loss of good time credits is properly brought under § 2241 because it is a challenge to "an action affecting the fact or duration of the petitioner's custody"); *Moscato v. Fed. Bureau of Prisons,* 98 F.3d 757, 758–59 (3d Cir.1996) (prisoner's challenge to loss of good time credits following disciplinary proceeding brought pursuant to § 2241); *cf. Jenkins v. Haubert,* 179 F.3d 19, 27 (2d Cir.1999) (holding that prisoner may bring § 1983 action, rather than habeas petition, when, as in the case where there is not a loss of good time credits, prisoner challenges disciplinary sanction that does not affect the length of confinement). Although not presently implicated, it is worth noting that the correlative habeas provisions for state prisoners are 28 U.S.C. § 2254, applying specifically to "a person in custody pursuant to the judgment of a State court," and the somewhat broader provisions of § 2241, covering all persons "in custody" in violation of federal law. 28 U.S.C. §§ 2254(a), 2241(c)(3) (1994).

### B.

Petitioner failed to exhaust the administrative remedies established by the Bureau's regulations and due to his delay, those remedies are no longer available to him. We have not addressed the issue of precisely under what circumstances a federal prisoner, despite failing to exhaust his administrative remedies, may bring a § 2241 habeas claim.[1]

---

1. In *Gonzalez v. Perrill,* 919 F.2d 1, 2 (2d Cir.1990) (per curiam), we did require exhaustion of federal administrative remedies by a petitioner proceeding under § 2241, but

■ In the context of state proceedings, the Supreme Court has fashioned an intermediate position concerning when a prisoner who has not fully pursued his state remedies—which remedies are subsequently no longer available—may nevertheless seek habeas relief in federal court. As the Court has held, a claim that is no longer available when the federal petition is filed is deemed exhausted for purposes of § 2254 review, but the procedural default is generally considered an independent and adequate state law ground for the judgment. *See Gray v. Netherland,* 518 U.S. 152, 161–62, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). Only upon the exceptional showing of "cause and prejudice" for the state delinquency may a petitioner receive federal habeas review of his defaulted claim. *See, e.g., Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) ("We ... require a prisoner to demonstrate cause for his state-court default of *any* federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim."); *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (applying cause and prejudice standard in § 2254 action to an objection waived at state court trial). The reason for this rule is that a state petitioner who has failed to meet a state's procedural requirements for presenting his federal claim has denied state courts the opportunity to address those claims in the first instance. *Edwards,* 529 U.S. at 451, 120 S.Ct. 1587.

The "cause and prejudice" standard recognizes the historical importance of the writ in guarding against "convictions that violate fundamental fairness," but balances this interest against equally weighty principles of federalism, comity, and finality. *Coleman v. Thompson,* 501 U.S. 722, 747–48, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Heeding the admonitions of the Supreme

Court, we have recognized the sovereignty of state tribunals, and refused to consider a state prisoner's defaulted habeas claim absent a sufficient justification for the noncompliance. *See, e.g., Forman v. Smith,* 633 F.2d 634, 640 (2d Cir.1980) (holding that cause and prejudice standard applies to habeas challenge based on constitutional claims not raised on direct appeal from state court conviction).

■ Our prior precedents strongly suggest that a federal prisoner must make a showing of cause for his dereliction and consequent prejudice to him before his habeas petition may proceed. While the development of the cause and prejudice standard under § 2254 was predicated in part upon notions of comity with state courts, we have more recently extended the standard to challenges to *federal* convictions under § 2255. *Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992); *see also Underwood v. United States,* 166 F.3d 84, 87 (2d Cir.1999). Even though a collateral challenge to a federal conviction under § 2255 does not implicate federalism issues, we have held that the interests of finality, accuracy, integrity of prior proceedings, and judicial economy justify a district court's refusal to entertain a § 2255 action containing a procedurally barred claim, absent a showing of cause and prejudice. *Campino,* 968 F.2d at 190. In *Campino,* accordingly, we applied the cause and prejudice standard to a federal prisoner's § 2255 petition, when the petitioner failed to raise the underlying constitutional claim on direct appeal following his conviction. *Id.* at 191.

### C.

The present case is distinct from *Campino* and its progeny; Carmona did not fail to take a direct judicial appeal of his conviction, but rather did not fully pursue the

---

that holding relied on the right of review provided in then—18 U.S.C. § 3568 (1982), and did not discuss the "cause and prejudice" standard for procedural defaults. *See Mar-* *tinez v. United States,* 19 F.3d 97, 98–99 (2d Cir.1994) (per curiam) (discussing subsequent developments).

appropriate administrative channels within the federal Bureau of Prisons following the disciplinary hearing. His petition is not brought under § 2255, but instead under § 2241. This is the first time we have had occasion to address the controlling standard when, pursuant to § 2241, a federal prisoner attempts to justify the procedural default of his federal administrative remedies.

■ We have held that federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief. *Guida v. Nelson*, 603 F.2d 261, 262 (2d Cir.1979) (*per curiam* ); *see also Gonzalez*, 919 F.2d at 2 (holding that a prisoner must exhaust his administrative remedies unless they would not provide adequate redress). But we have not enunciated a standard that addresses when a federal prisoner who seeks relief under § 2241—but who has procedurally defaulted on his federal administrative remedies—may be excused.

■ The principles articulated in *Campino* and our other procedural default precedents control. As in *Campino*, the interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.

Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. *See Moscato*, 98 F.3d at 761–62. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust. We take further comfort in the fact that each of our sister circuits to address this issue has applied the cause and prejudice standard to federal prisoners who seek § 2241 habeas relief despite a procedural default. *See Moscato*, 98 F.3d at 762; *Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir.1994); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986).

Moreover, we note that although § 1997e(a) of the Prison Litigation Reform Act (Litigation Reform Act or Act), 42 U.S.C. § 1997e(a) (Supp. II 1996), contains a statutory administrative exhaustion requirement, we have held, in the context of a § 2254 petition, that the requirements of the Act do not apply to habeas proceedings. *See Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir.1996) (holding that the filing fee payment requirements of the Act, 28 U.S .C. § 1915(a)(2), do not apply to petitions for habeas relief), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). A number of other circuits—relying primarily on the ground that habeas proceedings are not civil actions—have ruled the Litigation Reform Act inapplicable to habeas actions brought by federal prisoners under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 633–34 (7th Cir. 2000); *Blair–Bey v. Quick*, 151 F.3d 1036, 1039–40 (D.C.Cir.1998); *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir.1998); *McIntosh*, 115 F.3d at 811. Doubtless the same rule should obtain in § 2241 cases as in § 2254 petitions. In any event, our decision today rests solely on the requirement of administrative exhaustion as spelled out in our decisional law, discussed earlier.

## CONCLUSION

■ Carmona's procedural default may thus only be excused upon a showing of cause and prejudice. We are unpersuaded that Carmona will be able to demonstrate "cause" by proffering an adequate excuse

for his failure to request an extension of time for his administrative appeal. The likely failure to justify his delinquency will therefore bar habeas review of his appeal. Since petitioner's appeal does not have likely merit, we decline to appoint counsel for him. However, since his suit does not appear to be frivolous, petitioner is free to continue to litigate this civil claim *pro se*. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (Supp. IV 1998).

Accordingly, the motion for assignment of counsel is denied without costs.