**Michael LONGSHORE, Petitioner–Appellant,**

v.

**Carlyle HOLDER, Warden; U.S. Parole Commissioner, Respondents–Appellees.**

**Docket No. 01–2502.**

United States Court of Appeals, Second Circuit.

Feb. 20, 2002.

Michael Longshore, White Deer, PA, Pro Se.

Cecil C. Scott, Assistant United States Attorney; Alan Vinegrad, United States Attorney, Eastern District of New York, Carolyn Pokorny, on the brief, Brooklyn, NY, for Appellees.

Present WALKER, Chief Judge, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Michael Longshore petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his parole revocation. The district court concluded that Longshore failed to exhaust his administrative remedy and that his claim was now procedurally barred. We agree and affirm.

Longshore was convicted in federal court of bank robbery and was sentenced to thirteen years imprisonment. Longshore was paroled in February 1997. In November 1997, Longshore was charged with violating his parole and a warrant was issued for his arrest, which was executed in August 1998. The Parole Commission held a series of hearings to consider the charged violations. Longshore was charged with three violations: use of illegal drugs, failure to report to his probation officer as directed, and robbery.

At the first hearing, the hearing examiner found that Longshore had violated his parole conditions by using illegal drugs and failing to report to his probation officer. The third charge was continued to allow a witness to appear. The notice informing Longshore of this decision specified, "THE ABOVE ACTION IS NOT APPEALABLE." At the second hearing, determination was continued again because the witness had refused to appear, to allow the arresting officer to be subpoenaed. The notice contained the same language about appealability. At the third hearing, the hearing examiner sustained the robbery charge as well and revoked Longshore's parole for the rest of his term. The official notice of action, which Longshore did not receive until after he filed his

**10**

habeas petition, clearly indicated that the hearing examiner's decision could be appealed to the National Appeals Board and explained that appeals must be filed within thirty days.

The government argues that we should not even reach the merits of Longshore's claim on appeal because he did not obtain a certificate of appealability. This argument is squarely foreclosed by *Murphy v. United States*, 199 F.3d 599, 601 n. 2 (2d Cir.1999) (per curiam), which the government failed to cite or address.

■ The government's second argument, however, is meritorious. Habeas petitioners are generally required to exhaust their administrative remedies before petitioning. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir.2001). Although exceptions can be made for a sufficient showing of cause, *id.*, Longshore has failed to make a sufficient showing. The instructions on administrative appeals were clear; even if Longshore did not follow the preferred procedure of withdrawing his petition and pursuing the administrative appeal, he could have pursued both simultaneously, in which case the habeas petition would have been dismissed without prejudice. Because Longshore made no attempts to file an administrative appeal without sufficient cause, the district court was correct in denying his petition.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.