**Ronald DAVIDSON, Plaintiff,**

v.

**Glenn S. GOORD, Philip Coombs, Jr., Anthony Annuccl, Hans Walker, Edward Donnelly, Floyd Bennett, Robert A. Guzman, the Estate of Charles Brunelle, Unknown Docs Personnel "John Does" 1–10 and Mary Battroni, Defendants.**

No. 99–CV–555S(F).

United States District Court,
W.D. New York.

March 11, 2002.

Ronald Davidson, Elmira, NY, pro se.

William Lonergan, Office of the State Attorney, Buffalo, NY, for Defendants.

## ORDER

FOSCHIO, United States Magistrate Judge.

In this prisoner civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges violations of the Prisoner Litigation Reform Act ("PLRA"), and his right to access of the courts and counsel as protected by the First, Sixth and Fourteenth Amendments. Plaintiff also claims Defendants retaliated against him based on his complaints. Specifically, Plaintiff alleges Defendants have misapplied the provisions of the PLRA insofar as the PLRA authorizes prison officials to enforce the PLRA's requirement that court filing fees for prisoner lawsuits be recouped from the individual prisoner litigant's prison account.

Plaintiff claims Defendants have applied the 20% recoupment rate permitted under the statute, 42 U.S.C. § 1915(b), to attach to each court filing with the effect that upon filing five lawsuits, Plaintiff's account was completely "frozen" thus disabling him from access to funds for purchasing law books, toiletries, and postage for non-legal correspondence. Plaintiff also alleges Defendants have interfered with his attempt to correspond with attorneys and judicial officers by refusing to mail Plaintiff's letters and opening Plaintiff's letters in his absence.

Plaintiff has made a written request for appointment of counsel in his complaint which has been .recently orally renewed before Magistrate Judge Hugh B. Scott and the undersigned.

■ In evaluating a *pro se* litigant's request for appointment of counsel the Second Circuit required the court to consider first whether the indigent's position appears likely to be one of substance and, upon so finding, such secondary factors as the factual and legal complexity of the case, the ability of the litigant "to navigate the legal minefield unassisted," and any other reason why appointment of counsel would more probably lead to just resolution in a particular case. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir.2001) (citing *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir.1997), *Cooper v. A. Sargenti* Co., *Inc.*, 877 F.2d 170, 174 (2d Cir.1989), and *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir.1986)).

■ Here, Plaintiff's claims stem from action taken pursuant to an alleged misinterpretation of the PLRA and with respect to Plaintiff's correspondence. Neither issue appears to involve difficult factual issues necessary to prepare the case for potential dispositive motions or trial. Indeed, based on the details alleged in the ' complaint, Plaintiff appears to have a rather complete record of the events underlying his claims. Moreover, Plaintiff appears to have extensive experience in § 1983 litigation, and is both articulate and reasonably cognizant of basic procedural requirements.

While the question of whether Defendants misapplied the requirements of the PLRA raise a question of statutory interpretation, Plaintiff should be able to put forth his arguments based on reasonable access to the prison law library. Accordingly, the court sees no compelling reason to appoint counsel at this stage of the case.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for appointment of counsel is DENIED. Accordingly, Plaintiff's supplemental response to Defendants' motion to compel (Doc. # 36) shall be filed not later than **April 12, 2002.** Defendants shall then reply to each objection not later than **April 22, 2002.**

SO ORDERED.