Woodvens THOMAS, Petitioner–
Appellant,

v.

Francis HOLMES, District Director,
Immigration and Naturalization Ser-
vice, et al, Respondents–Appellees.

No. 02–2253.

United States Court of Appeals,
Second Circuit.

Aug. 13, 2003.

Susan D. Fitzpatrick, Ossining, NY, for Appellant.

Ethan B. Kanter, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Appellee.

Present: STRAUB, POOLER, Circuit Judges, and HURD, District Judge.*

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this appeal is DISMISSED.

Woodvens Thomas appeals from a judgment of the United States District Court for the Western District of New York that (1) denied Thomas's motion for a parole hearing to contest his continued detention and (2) dismissed the remainder of his 28 U.S.C. § 2241 petition for failure to exhaust administrative remedies.

* Honorable David N. Hurd, United States District Judge for the Northern District of New York, sitting by designation.

Thomas, who was born in Haiti but has legal permanent resident status in the United States, twice received youthful offender status for narcotics-related offenses. He also has one adult conviction for attempted criminal sale of a controlled criminal substance in the third degree, a class C felony. Thomas was seventeen at the time he committed this offense.

On March 26, 1999, INS began removal proceedings against Thomas. In February 2000, Thomas moved in Immigration Court for withholding of removal pursuant to the Convention Against Torture and Section 241(b)(3) of the Immigration and Nationality Act. An immigration judge ordered Thomas's removal based on his conviction for an aggravated felony and also denied his request for withholding of removal. Thomas did not appeal to the Board of Immigration Appeals. He explains that his attorney told him appeal would be futile and that he believed Haiti would not accept him.

On July 18, 2000, INS ordered Thomas held pending removal. Three months later, on September 18, 2000, Thomas filed a petition pursuant to 28 U.S.C. § 2241. Primarily, Thomas contested his continued detention without a parole hearing. However, he also asked the court to vacate the immigration judge's decision albeit without suggesting a basis.

Magistrate Judge H. Kenneth Schroeder, Jr., recommended that the district court reject Thomas's challenge to his continued detention because, based on Thomas's conviction of an aggravated felony, "INS is authorized to keep [him] mandatorily detained without bond" and petitioner acknowledged that Haiti had begun to accept deportees. Magistrate Judge Schroeder recommended that the balance of Thomas's petition be dismissed because Thomas failed to appeal to the Board of Immigration Appeals and thus did not exhaust his administrative remedies. The magistrate judge's report-recommendation cautioned Thomas that failure to object to the district court would result in Thomas's waiver of the right to appeal to this court. Thomas did not object, and the district court adopted the report-recommendation in its entirety.

Thomas appealed and moved for a stay of deportation and the appointment of an attorney. A motions panel of this court dismissed Thomas's appeal "to the extent [he] challenges his continued detention." However, the court granted Thomas poor person status as well as a stay of deportation and appointed an attorney to represent him to contest the order of removal. The parties were "directed to brief whether [Thomas] is entitled to relief because his youthful offender adjudication does not constitute a 'conviction' within the meaning of the Immigration and Nationality Act" and whether his removal would be a fundamental miscarriage of justice.

On appeal, Thomas frankly acknowledges that he has an adult conviction in addition to his youthful offender adjudications but argues that the adult conviction is not one for an aggravated felony within the meaning of the Immigration and Nationality Act. He further argues that his innocence of an aggravated felony excuses his failure to exhaust administrative remedies.

 Thomas faces three procedural hurdles, which he cannot overcome. First, he did not argue to the district court that he had not been convicted of an aggravated felony. Ordinarily we will not consider an argument raised for the first time on appeal. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Second, a party generally waives further review of an issue by failing to make timely objections to a magistrate judge's report-recommendation "as long as all parties receive clear notice of

the consequences of their failure to object." *DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir.2000). However, failure to object to the report-recommendation may be excused in the interest of justice. *Id.* Finally, Thomas did not exhaust his administrative remedies. A court "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." § 252(d). Statutory exhaustion requirements such as this one "are mandatory, and courts are not free to dispense with them." *United States v. Gonzalez–Roque,* 301 F.3d 39, 47 (2d Cir.2002). Thomas contends that Section 1252(d) does not apply to this habeas corpus petition, which was brought pursuant to 28 U.S.C. § 2241. However, even in the absence of a statutory requirement, a Section 2241 petitioner must exhaust administrative remedies or, if he can no longer exhaust those remedies, show cause for the default and prejudice stemming from the court's failure to consider his claim. *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir.2001).

■ Even if Thomas were correct in arguing that the statutory exhaustion requirement does not apply to Section 2241 petitions, he has not demonstrated adequate cause for his failure to pursue his administrative remedies. His belief that Haiti would not accept him did not excuse him from appealing to the Board of Immigration Appeals. *Cf. Gonzalez–Roque,* 301 F.3d at 48 n. 7 (holding, in statutory exhaustion context, that mistaken belief "would not excuse [petitioner] from raising" an issue but rather merely "reflect[ed] his conscious decision not to do so") (internal quotation marks omitted). Thomas does not claim that the Board of Immigration Appeals was incompetent to address the contention that his crime was not an aggravated felony or that it could not have granted him relief.

■ Nor can Thomas establish prejudice. Thomas's claim of prejudice stems from his argument that he was not convicted of an aggravated felony because (1) the state offense to which he pleaded guilty was attempted criminal sale of a controlled substance, which does not require that the perpetrator actually possess a controlled substance and (2) he would have qualified as a juvenile delinquent for purposes of the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031 et seq. ("FJDA"). With respect to the first contention, Thomas maintains that only crimes that would be federal felonies can be classified as aggravated felonies and that the relevant federal narcotics statute, 21 U.S.C. § 841(a), which makes it a criminal offense "to manufacture, distribute, or dispense, or possess with intent to distribute or dispense, a controlled substance," requires actual possession of the controlled substance. However, Section 846 of Title 21 makes an attempt to violate Section 841(a) punishable in the same manner as an actual violation of Section 841(a). Therefore, Thomas's offense was an aggravated felony even if he did not possess the cocaine that he admitted he attempted to sell.

■ Thomas also argues that even if his crime would be defined as an aggravated felony, we must assess whether it should be treated as an act of juvenile delinquency pursuant to FJDA. We disagree. The decision whether to treat an offense as an act of juvenile delinquency in federal court is a fact-specific, discretionary one. 18 U.S.C. § 5032. There is no authority for a requirement that an immigration judge re-evaluate a state court's order denying youthful offender status. *See Vieira Garcia v. INS,* 239 F.3d 409, 413 (1st Cir.2001)

Because Thomas cannot prevail on his claim, no prejudice stems from the district court's–or our–dismissal of his claim. A fortiori, there will be no "fundamental mis-

carriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (holding with respect to a challenge to a state court conviction that failure to exhaust state remedies could be excused either by an adequate showing of cause and prejudice or by a demonstration that fundamental injustice will result from failure to decide the federal claim on the merits). For the same reasons, there is no basis on which to excuse Thomas's failure to object to the report-recommendation or to address his aggravated felony argument to the district court.

Thus, we dismiss Thomas's challenge to his removal order for lack of jurisdiction.

In light of this dismissal, we have no jurisdiction to grant Thomas's further request that we extend the stay earlier imposed and remand to the Board of Immigration Appeals for consideration of new evidence, a 2000 State Department report concerning human rights abuses in Haiti.

Thomas also seeks to preserve his continued detention claim. To the extent that Thomas requests that we revisit our prior order of dismissal, we decline to do so. As a matter of substantive due process, this claim fails because Thomas's removal is now "reasonably foreseeable." *Wang v. Ashcroft*, 320 F.3d 130, 145–46 (2d Cir.2003). The government represents, and petitioner does not dispute, that repatriation to Haiti is now feasible. As to procedural due process, a parole hearing is not required by the regulations governing petitioner's custody review, *see* 8 C.F.R. § 241.4, and Thomas does not argue that he did not receive the process he was due under the regulation. *See Zadvydas v. Davis*, 533 U.S. 678, 724, 121 S.Ct. 2491, 150 L.Ed.2d 653 (Kennedy, *J.*, dissenting) ("[R]emovable aliens held pending deportation have a due process liberty right to have the INS conduct the review procedures in place."). As a result, we decline to reconsider our prior order.

For the reasons we have discussed, we dismiss Thomas's appeal and vacate the stay previously imposed.