**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JEFFREY PRESTON MCCLUNG,
         *Petitioner-Appellant,*

v.                                                    No. 03-6952

BOBBY P. SHEARIN,
              *Respondent-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William D. Quarles, Jr., District Judge.
(CA-02-3557-WDQ)

Submitted: December 10, 2003

Decided: February 6, 2004

Before WILKINSON and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated and remanded in part, by unpublished per curiam opinion.

**COUNSEL**

Jeffrey Preston McClung, Appellant Pro Se. Allen F. Loucks, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jeffrey Preston McClung, a federal prisoner, appeals from the district court's grant of summary judgment to Defendant in McClung's 28 U.S.C. § 2241 (2000) petition. McClung sought restoration of good conduct time that was forfeited as a result of a disciplinary conviction. McClung asserts that there was insufficient evidence to support his conviction for possession of a dangerous weapon and that his due process rights were violated because (1) informant information was withheld from the hearing officer; (2) McClung was denied the ability to call witnesses, present evidence, and be represented by a staff representative; and (3) the district court erred in denying him discovery.

Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). Failure to exhaust may only be excused upon a showing of cause and prejudice. *Carmona*, 243 F.3d at 634-35. In his final administrative appeal, McClung failed to allege that informant information was withheld or that he was denied due process at the hearing, and he provides no excuse for his failure to do so. Thus, these claims were procedurally defaulted and unreviewable in a § 2241 petition. In addition, because his informant claims are defaulted, McClung's related request for discovery was properly denied.

Turning to his claim of insufficient evidence, the requirements of due process in a prison disciplinary hearing are met when there is "some evidence" that supports the decision to revoke good time credits. *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455 (1985). Constructive possession provides "some evidence" of guilt only when relatively few inmates have access to the area. *See*

*Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001) (holding that, when only evidence linking weapon to inmate is that it was found in an area accessible to 100 inmates, there is insufficient evidence to satisfy "some evidence" standard); *Hamilton v. O'Leary*, 976 F.2d 341, 345-46 (7th Cir. 1992) (finding some evidence (although "meager") existed when inmate was one of four with access; noting that, if inmate were one of thirty-two with access, constructive possession would be insufficient evidence).

The Hearing Officer relied on the following as evidence of McClung's guilt: (1) the fact that a sharpened instrument was found in McClung's living area and (2) the prison's rule of "constructive possession" which states that "[w]hen positive ownership can not be determined, all occupants of the cell are equally responsible." McClung stated, when he was given his incident report, that his cell was unlocked and, therefore, accessible by other inmates. In his informal brief, he states that the number of inmates with access to his cell was 130. McClung has consistently repeated these assertions throughout both his administrative appeals and the instant action. If indeed McClung's cell was accessible by 130 inmates, we find that there was insufficient evidence to connect him to the weapon.

The district court did not address this issue and merely found that "some evidence" supported McClung's conviction, without either a hearing or discussion of reasons. At the summary judgment stage, the court does not weigh evidence or determine the truth of asserted matters. The only issue is whether there is a "genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Here, McClung has raised a genuine issue as to whether the weapon with which he was charged was found in an area accessible to 130 other inmates. Notably, Defendant provides no evidence whatsoever regarding the accessibility of McClung's cell. Since the resolution of this issue cannot be determined on summary judgment, we vacate a portion of the district court's order and remand the case for a hearing to determine whether "some evidence" supported McClung's conviction.

Thus, we grant McClung's motion to proceed in forma pauperis and vacate the portion of the district court's order granting summary judgment on McClung's claim that insufficient evidence supported his disciplinary conviction and remand for further proceedings. We

affirm the remainder of the district court's order and deny McClung's motion to consolidate. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*VACATED AND REMANDED IN PART*